JOHN S. McCUNE, Respondent, v. AUGUST C. ERFORT *et al.*, Appellants.

1. *Gold Dust—Value of, how estimated.*— Gold dust has no established value, and is not a legal tender. It is an article of commerce, like other property ;' and its value must be estimated in the lawful money of the country, and can only be ascertained by evidence of its value in such money.

2. *Factors, rights of, as against their principals, concerning property in their possession.* — Parties in charge of gold dust as factors for another have no right to take their pay or compensation out of the gold dust. The gold dust is to be treated as property, and their compensation must be estimated in money.

*Appeal from St. Louis Circuit Court.*

*Krum, Decker & Krum,* for appellants.

I. The court erred in admitting evidence of the difference in value between gold coin and the legal-tender notes of the United States. If defendants owed plaintiff the debt in coin, he could recover only money ; and the court will not lend itself to depreciate or allow to be depreciated one kind of money of the United States at the expense of another kind of money. (Henderson v. McPike, 35 Mo. 255.)

II. But if the court holds otherwise, then the freight money, which was to be retained by the appellants out of the gold, must also be estimated in the same currency. The carrier has a lien for his freight on the goods ; the factor, a lien on the proceeds of the goods in his hands. Erfort, Busch & Co. were entitled to retain their per centage for freight and commission out of the gold itself.

III. The court erred in reducing the counter claim of defendants to $732.60. The measure of damage is full pay for what the carrier could have taken. (Burrow v. Pound, 29 Mo. 436.)

IV. The allowance of interest on the amounts contained in the second and third causes of action, by the court, is unwarranted. The action of the court in admitting said claims rests wholly on the offer made in the answer, and should therefore have been confined to that offer without interest.

V. Where several causes of action are united in the same petition, a verdict must be found, and damages assessed, upon

HARVARD
135
LIBRARY

McCune v. Erfort et al.

each cause of action separately. The statute expressly enjoins this practice, and a judgment rendered in disregard of the statute must be reversed. (Pitts v. Fugate, 41 Mo. 405, and cases there cited.)

*Ewing & Holliday*, and *Sharp & Broadhead*, for respondent.

BAKER, Judge, delivered the opinion of the court.

The petition contains three causes of action, separately stated. The first count alleges that the defendants, in June, 1865, in the Territory of Montana, agreed with plaintiff to transport for him, from Fort Benton to Virginia City and Helena, in said Territory, a certain lot of goods, and to sell said goods on account of plaintiff for gold dust, for which plaintiff agreed to pay at the rate of ten cents per pound for goods taken to Virginia City, and six cents per pound for goods taken to Helena; that defendants did transport 51,825 pounds of goods to Virginia City and 55,279 pounds to Helena, and sold and exchanged the goods taken to Virginia City, and received 739 oz. 5 dwt. and 20 grs. of gold dust, which they converted to their own use. The second count alleges that the defendants agreed that, if the plaintiff would pay a debt due from them to Carroll & Steele, at Fort Benton, they would deliver to him at Virginia City 17 oz. 1 dwt. and 7 grs. of gold dust; that plaintiff did pay said debt, but the defendants never delivered the gold dust. The third count alleges that Phillips and Gardner were, in June, 1865, indebted to the plaintiff 33 oz. 12 dwt. and 21 grs. of gold dust for freight; that the defendants being about to transport the goods, for which the freight was due, to Virginia City, it was agreed between them, the plaintiff and the said Phillips and Gardner, that the defendants should retain out of the proceeds of the sale of said goods the quantity of gold dust above mentioned, and deliver the same to the plaintiff; that the defendants did receive for said goods the quantity of gold dust aforesaid, and have failed and refused to deliver the same to the plaintiff.

The answer sets up a counter claim, in which it is stated that the plaintiff agreed with the defendants, who were engaged in the

business of carrying freight from Fort Benton to Virginia City and Helena, in Montana Territory, that he would furnish to them all the freight that he then had, or would have during the year 1865, at Fort Benton, for transportation, and pay therefor at the rate of ten cents per pound to Virginia City and seven cents per pound to Helena; that the defendants did carry 51,825 pounds of freight to Virginia City and 55,279 pounds to Helena; that the plaintiff failed and refused to furnish them for transportation over 100,000 pounds of the cargo he then had at Fort Benton, by reason of which they were damaged to the amount of $4,500, for which they ask judgment. The defendants deny that they agreed with the plaintiff to pay him 17 oz. 1 dwt. 7 grs. of gold dust if he would pay to Carroll and Steele a debt due from defendants to them; but they say that they were indebted to Carroll and Steele in the sum of $307.17, which they agreed to refund to the plaintiff if he would pay; that he did pay said sum in the month of July, 1865; and that they are now ready and willing to repay the same to him.

The answer admits that the defendants received the sum of $434.55 from Phillips and Gardner, on account of the money due from them to the plaintiff for freight, which they are ready and willing to pay to him; but they deny that they agreed to collect for and pay to plaintiff 33 oz. 1 dwt. and 21 grs. of gold dust.

The facts in the case are substantially as follows: In June, 1865, the plaintiff had a large quantity of goods at Fort Benton, in Montana Territory. He entered into a contract with the defendants, who were then engaged in the business of carrying goods to various points in the mining districts of that Territory, to transport so much of said goods as he might desire to have transported to Virginia City and Helena. The defendants were to be paid, for carrying goods to Virginia City and selling them on plaintiff's account, ten cents per pound; and for carrying goods to Helena, six cents per pound. They received for goods sold for the plaintiff 739 oz. 5 dwt. and 20 grs. of gold dust — worth, in Virginia City, $18 per ounce in coin and $20 per ounce in United States legal-tender notes. They also received $434.55

on account of the plaintiff from Phillips and Gardner — a sum due from them to the plaintiff for freight of other goods. The plaintiff paid to Carroll and Steele, at the defendants' request, $307.17, an amount due from them to said Phillips and Gardner.

The case was submitted to the court without a jury, by whom the facts were found and specifically stated. The gold dust was estimated at $20 per ounce, which amounted to $14,785.00 ; the money received from Phillips and Gardner at $434.55; and the amount paid Carroll and Steele at $307.17 — making in all $15,526.72. The court allowed defendants, on their offset for transporting goods to Virginia City and selling them, $5,182.50 ; for transporting goods to Helena, $3,316.74 ; for damages in not furnishing goods to load teams sent at the plaintiff's request, $732.60 — making in all $9,221.84 ; which left a balance due the plaintiff of $6,294.88, to which the court added $873.40 by way of interest, making $7,168.28, for which a judgment was rendered in favor of the plaintiff.

The defendants insist that the gold dust ought to have been estimated at the coin value in the Territory, and not the value in legal-tender treasury notes ; that business was chiefly done there on a specie basis, and that by recognizing the legal-tender valuation the court discriminated against one kind of the money of the United States in favor of another ; and we are referred to the case of Henderson v. McPike as authority for this position.

The case referred to is not in point. In that case it was sought to recover the difference between the value of gold coin and legal-tender treasury notes in the markets. The value of both is fixed by law, and is identical. In fact, they are each made a standard of values. The court was very properly governed by the law. Gold dust has no established value, and is not a legal tender. It is an article of commerce, like other property ; and its value must be estimated in the lawful money of the country, and can only be ascertained by evidence of its value in such money.

In determining this question, the court below adopted a standard established by law. It estimated the value of the gold dust in the money of the United States at no higher rate than the testimony showed it was worth.

The defendants were factors in the sale of the goods, and the gold dust they received for them was the property of the plaintiff, and he was entitled to recover its value in the lawful money of the United States. The defendants had no right to take their pay for transporting the goods, and for their damages, out of the gold dust as money. It must be treated as property. Their compensation was properly estimated in money. The gold dust did not belong to them. It was the property of the plaintiff. The item for money received of Phillips and Gardner for freight money was properly allowed. The evidence that it was due to the plaintiff and others, and not the plaintiff alone, was not responsive to the issue.

The defendants admit in their answer that they owed the amount allowed to the plaintiff. Evidence should not have been admitted to disprove facts admitted in the answer.

We have nothing to do with the question of whether the defendants were allowed all the damages they were entitled to for a breach of the contract for transporting the goods. That is a question for the jury, or the court sitting as a jury. This court will not pass upon the weight of evidence. The court found the amount due to the plaintiff on each count of his petition, and specifically stated each item, also the amount due to the defendants.

We think the statement is sufficiently full and specific to support the judgment. The judgment below is affirmed. The other judges concur.